816 F.2d 672
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnny GRIFFIN, Plaintiff-Appellant,
v.
Eugene C. GRIFFIT; John Campbell, Defendants-Appellees.
 No. 86-7716.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1987.
Decided March 31, 1987.
 
 Before RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 Johnny Griffin, appellant pro se.
 Joseph Crouch Coleman, for appellees.
 PER CURIAM:
 
 
 1
 Johnny Griffin, a South Carolina inmate, appeals the district court's entry of summary judgment on his civil rights complaint. In his complaint, Griffin alleged that Eugene Griffit (the attorney who defended him ,in 1984 against a murder charge) and John Campbell (a captain at the Newberry Police Department) conspired to prevent him from attending his preliminary hearing or testifying at trial. Griffin alleged that the defendants persuaded him to plead guilty and advised him that if he failed to plead guilty his sister would also be indicted.
 
 
 2
 The case was referred to a magistrate for review. The magistrate found that Griffin had previously presented similar claims in a malpractice action against his attorney in state court; thus res judicata barred any further suit against the attorney. The magistrate also concluded that collateral estoppel barred Griffin's claims against Officer Campbell. After de novo review of the record as well as the objections expressed by Griffin, the district court adopted the recommendation of the magistrate that judgment be entered in favor of defendants.
 
 
 3
 The district court correctly found that res judicata acted as a bar to Griffin's claims against his attorney. It is also apparent that Griffin has failed to state a basis for relief against Officer Campbell. Griffin alleged that Officer Campbell told him that if he did not plead guilty to the charge Griffin's sister would also be indicted. in Harman v. Mohn, 683 F.2d 834 (4th Cir. 1982), this Court held that a promise of adverse or lenient treatment for a third party is permissible in the plea bargaining process if there is some basis for the promised or threatened treatment. Griffin failed to assert that indictment of his sister would have been without any basis. Thus even if we assume that Griffin's allegations are true he has failed to allege a violation of his constitutional rights.
 
 
 4
 We affirm the decision of the district court. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.